Mr. Bob Nash President, Arkansas Development Finance Authority 100 Main, Suite 200 P.O. Box 8023 Little Rock, AR 72203-8023
Dear Mr. Nash:
This is in response to your request for an opinion on the following question:
 Does the `coordinator' for the Farmer/Creditor Mediation Program have the authority to not accept a mandatory case or to stop processing a mandatory case when both the farmer and the initiating lender admit that there is no monetary or non-monetary contractual default on the loan at the time the `Creditor Notice to Farmer of Right to Request Mediation' was served on the farmer? Also, at or up to this notice serving time, the farmer had not presented to the lender any implied or definitive communication that the scheduled payment would not be made as contracted.
Assuming that the absence of a dispute is clear, it is my opinion that the answer to this question is "yes."
The Arkansas Farm Mediation Act (A.C.A. §§ 2-7-101—310 (Cum. Supp. 1991)) ("the Act") sets forth the procedures that must be followed before a creditor can bring an action for collection of a farm debt. The Act's provisions are clearly premised upon the existence of a dispute. See A.C.A. § 2-7-102(6) and (7) ("mediation" means the process for facilitating settlement of the parties' dispute by mutual agreement, and "party" or "parties" means persons necessary to resolution of a dispute or an action"); § 2-7-301(a)(1) (farmer and creditor may voluntarily participate in mediation to resolve a dispute); § 2-7-303(b)(5) (creditor's notice must describe the proceeding or action the creditor intends to commence or take). It thus seems clear that the Act does not apply if there is no dispute.
With regard to your specific question, there appears to be no basis for invoking the Act in the absence of a dispute. A creditor could, otherwise, in an effort to obtain a release,[1] trigger the Act's provisions by merely serving a mediation notice on a farmer, notwithstanding the absence of any dispute. The farm mediation director (coordinator) would not, in my opinion, be obligated in that instance to process the case. Otherwise, the potential for abuse is apparent. The farmer would be forced to either request mediation within the required fourteen day period (A.C.A. § 2-7-304), or have a release issued by the coordinator to the creditor. See A.C.A. § 2-7-310. If mediation is requested, the coordinator must inform the parties of services that are available and requirements that must be met, and he must schedule a meeting. A.C.A. § 2-7-305. It is my opinion that the legislature did not intend for these requirements to be invoked by the mere issuance of a creditor notice, where there was no dispute when the notice was served.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] A creditor must first obtain a release under the Act before a proceeding may be commenced to foreclose a mortgage on agricultural property, terminate a contract for deed to purchase agricultural property, repossess or foreclose a security interest in agricultural property, set off or seize an account, moneys, or other asset which is agricultural property, or enforce any judgment against agricultural property. A.C.A. § 2-7-302.